## AFFIDAVIT OF SPECIAL AGENT CHRISTOPHER W. DIORIO

I, Special Agent Christopher Diorio, depose and state as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Immigration and Customs Enforcement ("ICE"), and have been so employed since August 2002. I have received specialized training as an ICE Special Agent by spending two months at the Criminal Investigator Training Program and two months at the Customs Basic Enforcement School at the Federal Law Enforcement Training Center. Prior to joining the Bureau of Immigration and Customs Enforcement I was a Boarding Officer on the U.S. Coast Guard's Tactical Law Enforcement Team North for four years. My duties included the boarding, searches, and seizures of foreign vessels on the high seas for violations of U.S. Narcotics laws.

2. I submit this affidavit in support of a criminal complaint charging **HABEEB ADEOLA AZEEZ ("AZEEZ")**, a Nigerian citizen, with illegally importing into the Customs territory of the United States from a place outside thereof, a quantity of heroin, a class I controlled substance, in violation of Title 21, United States Code, Section 952(a).

3. The information contained in this affidavit is based upon facts and circumstances related to me by law enforcement officers involved in the investigation, in particular, ICE

Special Agent Henry Basile, Customs and Boarder Protection ("CBP") Inspector James Mcgrath, CBP Inspector John Galvin, CBP Inspector Thomas Harrington, and CBP Inspector Michael Sweeny. This affidavit is submitted for the sole purpose of establishing probable cause to believe that **AZEEZ** has committed the crime set forth in the accompanying Criminal Complaint. As such, the affidavit does not set forth all the facts developed during the course of this investigation.

## II. FACTS AND CIRCUMSTANCES

4.   **AZEEZ** arrived at Logan International Airport in Boston on Saturday evening, October 18, 2003, aboard Lufthansa Airlines flight 422 from Frankfurt, Germany. Upon the flight's arrival, **AZEEZ** deplaned with the other passengers. As part of the normal Customs process, various passengers were singled out for questioning, among them, **AZEEZ**. Thus, shortly before 1:00 p.m., **AZEEZ** was detained and asked to produce his Customs declaration form (which all incoming passengers are required to complete) and to place his luggage on an inspection table. After handing the declaration form to the Customs officials, **AZEEZ** took two suitcases off of a push cart and placed them on the table. Inspector Mcgrath asked **AZEEZ** how long he had owned the luggage, to which **AZEEZ** replied that he had purchased the suitcases the day before. Furthermore, the claim tags produced by **AZEEZ** (upon

which the name "Azeez" was printed) matched the baggage tags affixed to the two suitcases.

5. When CBP Inspector Mcgrath began to inspect **AZEEZ's** luggage, Inspector Mcgrath noticed that every time he turned his attention from one of the suitcases, Azeez would remove the suitcase from the table and attempt to place it back onto his push cart. When CBP Inspectors Harrington and Sweeny looked more closely at the luggage, they noticed that the tubing of the built-in handles of each suitcase had been modified. The Inspectors pulled at the tubing of each suitcase and a white powdery substance was produced. The substance field-tested positive for the presence of Heroin. As a result, **AZEEZ** was subsequently placed under arrest at approximately 2:00 p.m. for importation of heroin.

6. Based on the information contained in this affidavit, all of which are true and accurate to the best of my knowledge, information and belief, I believe that there is probable cause to believe that **HABEEB ADEOLA AZEEZ** has violated Title 21, United States Code, Section 952(a), by illegally importing heroin, a class I controlled substance, into the United States from a place outside thereof.

Signed under the pains and penalties of perjury this 20th day of October, 2003.

_____
CHRISTOPHER W. DIORIO

Sworn to before me and subscribed in my presence

_____
JUDITH G. DEIN
U.S. MAGISTRATE JUDGE