

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100
Dickens Mathieu Direct Line: (617) 748-3227

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

January 6, 2004

Myriam Conrad, Esquire
Federal Defender's Office
408 Atlantic Avenue
Boston, MA 02110

    Re:  United States v. Habeeb Azeez,
           Criminal No. 03-10350-RCL

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.    <u>Written Statements</u>

    Enclosed are the following relevant written statements made by the defendant Habeeb Azeez in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

- <u>Miranda</u> Advice of Rights form signed by defendant.

- Customs declaration form signed by defendant.

- Handwritten sheet with Houston address and statement "To see my daughter.

- Handwritten pages of address book.

Myriam Conrad, Esquire
January 6, 2004
Page 2

    b.    Recorded Statements

There are no relevant recorded statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    c.    Grand Jury Testimony of the Defendant

The defendant did not testify before a grand jury in relation to this case.

    d.    Oral Statements to Then Known Government Agents

The following documents are enclosed:

- Personal history report dated October 18, 2003.

- Report of Investigation prepared by Special Agent Christopher DiOrio.

- One-page summary of statements the defendant made to Special Agent John Coleman on October 20, 2003.

2.    Defendant's Prior Record under Rule 16 (a)(1)(B)

The government is unaware at this time of any prior criminal record of the defendant.

3.    Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.    Reports of Examinations and Tests under Rule 16 (a)(1)(D)

Enclosed is a copy of the DEA-7 laboratory analysis of the narcotics seized from the defendant's two suitcases.

Myriam Conrad, Esquire
January 6, 2004
Page 3

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

A border search was conducted at Logan International Airport on October 18, 2003 by the Customs Service. Enclosed is an inventory of evidence seized during that search.

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E. <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

There is no conspiracy count charged in the indictment.

F. <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.

G. <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

The government is aware of no information or materials relating to this case of the types described in Local Rule 116.2(B)(1).

H. <u>Other Matters</u>

The government is aware of its continuing duty to disclose

Myriam Conrad, Esquire
January 6, 2004
Page 4

newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense(es) was/were committed is set forth in the indictment in this case, a copy of which you previously have received.

Please call the undersigned Assistant U.S. Attorney at 617-748-3227 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

DICKENS MATHIEU
Assistant U.S. Attorney

encls
cc: Thomas Quinn
    Clerk to the Honorable Judith G. Dein (w/o encls)