UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 03-10350-RCL |
| ) | |
| HABEEB AZEEZ ) | |
| ) | |

## MOTION TO SUPPRESS FRUITS OF
## ILLEGAL SEARCH AND SEIZURE

Pursuant to F. R. Crim. P. 12(b)(3)(c) and 41(h), the defendant, Habeeb Adeola Azeez, respectfully moves that this court suppress from evidence heroin seized from his luggage on October 18, 2003 at Logan Airport, Boston, Massachusetts. Defendant Azeez further moves that any other fruits of the warrantless search of his luggage be suppressed. These fruits include, but are not limited to, any statements allegedly made by him that resulted from the unlawful search and seizure.

As grounds for this motion, defendant states that the evidence was obtained in violation of his rights under the Fourth Amendment to the U.S. Constitution.

Defendant anticipates, based on discovery and investigation conducted to date, that testimony at an evidentiary hearing would show the following:

On October 18, 2003, Habeeb Azeez, a citizen of Nigeria, arrived at Logan Airport in Boston, Massachusetts, via Frankfurt, Germany. Mr. Azeez was singled out for questioning during the Customs process. It is unclear, based on discovery provided, whether Mr. Azeez was

singled out as part of a routine process of selection or whether officials had a reason to focus on him.[1] Officials questioned Mr. Azeez and thoroughly inspected his luggage.

Mr. Azeez believes that officials x-rayed his luggage and saw nothing suspicious. See affidavit of defendant, attached. Eventually, Mr. Azeez was separated from his luggage, and during that separation inspectors disassembled the luggage using a process which included drilling into the handle. The inspectors found heroin contained in tubes that were part of the support structure of the luggage.

In support of this motion, defendant states:

1. Investigators did not have a warrant to search defendant or his possessions, nor did they have a warrant to arrest him.

2. Investigators lacked probable cause or reasonable suspicion to justify the search of the defendant and his possessions.

3. The search exceeded the boundaries of a routine search.

4. The search was not supported by reasonable suspicion.

5. Any statements allegedly made by Mr. Azeez were fruits of the unlawful conduct.

---

[1] It is alleged that five months before Mr. Azeez arrived in Boston, he entered the Los Angeles airport and gave an address on his customs declaration form that first, was not a valid address, and second, was the same invalid address as that given by a man found to be smuggling heroin into the Los Angeles airport one month after Mr. Azeez arrived in Los Angeles. Mr. Azeez was not stopped and searched upon his entry to Los Angeles. It is unclear from discovery whether this information concerning Mr. Azeez's prior entry into Los Angeles was known to government officials at the time of Mr. Azeez's entry into Boston in October, 2003, or whether this information became known after Mr. Azeez's arrest.

## ARGUMENT

With regard to border searches, the Supreme Court has held that "*[r]outine* searches of the persons and effects of entrants are not subject to any requirement of reasonable suspicion, probable cause, or warrant." United States v. Montoya De Hernandez, 473 U.S. 531, 538 (1985) (emphasis added). Border searches, however, are still subject to the Fourth Amendment's reasonableness requirement. "The border search exception is grounded in the recognized right of the sovereign to control, *subject to substantive limitations imposed by the Constitution*, who and what may enter the country." United States v. Ramsey, 431 U.S. 606 (1977) (emphasis added), see United States v. Molina-Tarazon, 279 F.3d 709, 712 (9th Cir. 2002) ("border searches are not exempt from the irreducible constitutional requirement of reasonableness"). Therefore, detention of a traveler at the border "beyond the scope of a routine customs search and inspection" must be supported by reasonable suspicion. United States v. Montoya De Hernandes, supra at 541.

Certain particularly intrusive searches of personal property are not routine. In United States v. Robles, 45 F.3d 1, 5 (1st Cir. 1995), government agents drilled into a metal cylinder that had been shipped to Boston from Columbia and discovered cocaine inside. The court noted that "drilling into a closed, metal cylinder, as here, was using force ... to effect the search.'" Id., citing United States v. Braks, 842 F.2d 509, 511 (1st Cir. 1988). The Court had "little difficulty concluding that drilling a hole into the cylinder was not a routine search." Id. See also United States v. Rivas, 157 F.3d 364, 367 (5th Cir. 1998) ("drilling into Rivas' trailer was a nonroutine search"); United States v. Carreon, 872 F. 2d 1436, 1441-42 (10th Cir. 1989) (finding that

drilling a hole into the defendant's camper shell was "justified on the 'reasonable suspicion' standard of Montoya De Hernandez").[2]

"To satisfy the reasonable suspicion standard, agents must 'demonstrate some objective, articulable facts that justify the intrusion as to the particular person and place searched.'" Robles, supra at 5, quoting United States v. Uricoechea-Casallas, 946 F. 2d 162, 166 (1st Cir. 1991).

In the present case, where Mr. Azeez's suitcases were taken from his presence and dismantled with force, Mr. Azeez was subjected to a nonroutine search. See Robles, supra at 5; United States v. Molina-Tarazon, 279 F.3d 709, 714 (9th Cir. 2002) (inference that search is not routine raised by "breaking, drilling into or permanently altering a portion of the item being searched" or "the use of tools and the application of physical force to those tools"). An evidentiary hearing is required here in order to establish whether the agents had facts to justify the search.

Since the search and seizure was not supported by a warrant, the government has the burden of showing that the challenged conduct was lawful. United States v. Cruz Jimenez, 894 F.2d 1, 6 (1st Cir. 1990).

Defendant reserves the right to amend or supplement this motion in response to the government's reply.

---

[2] The recent case of United States v. Flores-Montano, 2004 U.S. LEXIS 2548, in which the Court held that the government had authority to conduct a suspicionless search of the gas tank of a car at the border, does not change the analysis here. The Court, citing Robles, supra, and other cases involving exploratory drilling, specifically stated that "we have no reason at this time to pass on the reasonableness of drilling." Flores-Montano, supra, at 10 n.2.

## REQUEST FOR EVIDENTIARY HEARING

Defendant requests an evidentiary hearing on this motion.

          HABEEB AZEEZ
          By his attorney,

          /s/ Page Kelley
          Page Kelley
          B.B.O. #548237
          Federal Defender Office
          408 Atlantic Avenue, 3rd Floor
          Boston, MA  02110
          Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, Page Kelley, hereby certify that a true copy of the above document was served upon Assistant United States Attorney Dickens Mathieu by delivery on April 2, 2004.

          /s/ Page Kelley